Judge Simpson
delivered the opinion of the Court.'
This was an action of ejectment on the demise of the Justices of the Butler County Court, for two hundred acres of land in Hopkins county, Upon the trial the plaintiff read in evidence a. patent from the Commonwealth of Kentucky, bearing date in October 1812, to the Justices of the County Gourt of Butler county, and their successors, purporting\to have been issued by virtue of an act of Assembly for the endowment of certain seminaries of learning ; and proved that the lessors of the plaintiff were the acting' Justices of the Peace for Butler county, and the only Justices of the Peace for that county at that time, and. at the date of the demise. It was also proved that the patent covered the *236 land in contest, and that the tenant of the defendant was in the possession of it at the commencement of the action.
Instructions of the Circuit Corn t
The Court sho’ld not submit questions to the jury involving both law andiact,but give the jury the Jaw upon a supposed slate of fact, and leave the jury to find the fact or facts.
The defendant read in evidence a junior patent, and introduced proof tending to show an adverse possession under it for moi'e than twenty years. He also proved that the land contained in the patent read in evidence by the plaintiff, was on the North side of the Cumberland river. The testimony on the point last mentioned was objected to by the plaintiff, but the objection was overruled’and the testimony admitted.
The Court at the instance of the defendant, gave the two following instructions to the jury, together with others which relate to the effect of the possession held by the defendant and those under whom he claims, on the plaintiff’s right of recovery:
“I. If there was no law authorizing the appropriation of the land in controversy to the Butler Seminary, that the patent of the Commonwealth, granting said land to the Justices of the County Court of Butler and their successors, is void, and the plaintiff cannot recover under it.
“2. That the lessors of the plaintiff have no title to the land as the successors of the Justices of the Butler County Court, and that they cannot recover in this suit as such.”
These instructions were objected to by the plaintiff, and an exception was taken by him to the decision of the Court upon the subject. A verdict and judgment having been rendered for the defendant, the plaintiff has appealed to this Court.
The first instruction was evidently wrong in submitting to the jury a question of law as well as of fact. The Court should have stated the facts which would render the patent void in law, and left the jury to determine only, whether such facts did exist or not. But there is still a more radical objection to the instruction. It was evidently founded upon the erroneous opinion that the land lying South of the Cumberland river was *237 alone subject to appropriation- to the use of seminaries of learning. The act approved Feb. 10th 1798, (2 Stat. Law, 1001,) did reserve for that purpose, all the lands lying within this Commonwealth on the South side of the Cumberland river, below Obey’s river, which was then vacant and unappropriated. And an act approved Dec. 22,1798, (2 Littell, 240,) authorized similar appropriations to be made on the South side of Green river, including the land on the South side of Cumberland, reserved by the act of the previous session.
Landjying north river has always app?opSria!ion by Butler county Seminary warrants since the formation of the county,
The grants of 10 l“e JuStices of Butlerwmci^ofsucoes" ®l0„n> *”*1 lJ)®' s iccessors are invested-with the-legal title.
By an act approved Feb. 4th, 1812, (2 Stat. Law, 1005,) the Justices of those counties which had been erected since the passage of the act of-1808, authorizing each County Court in this Commonwealth to lo- ° cate and survey six thousand acres of land for the use r . . V,. . . . , or seminaries ol learning, were authorized to locate and survey the same quantity of vacant and unappropriated lands under the same regulations and restrictions as provided in said act. Butler county was formed in 1810, and was embraced by the provisions of the act of 1812, which act had been passed previous to the emanation of the grant relied upon by the plaintiff. The testimony before the jury did'not therefore authorize the instruction, even had it been given in proper form.
The second instruction is also erroneous. The grant it- . _ r'-rí 1 . to the Justices of the County Court of Butler, contains words of succession. It was obviously the intention of the Legislature in the enactments upon this subject that o ~ J the Justices of the County Courts should take the title , . , . , . . .... to the land appropriated, as a body, and not m their individual right or capacity, and that it should pass by operation of law, from the persons who were Justices of the Court when the grant issued to their successors in office. The Justices of the County Courts were empowered to sell and convey any part of the lands granted to them, not exceeding one half, and this power and the control given to the County Courts could not be conveniently executed, unless .the title vested in the *238 successors of those who wpnt out of office, by death, resignation, or otherwise, and this as well as the general scope and design of the acts upon this subject, gives rise to the implication, and indeed leaves no room to doubt, that such was the intention of the Legislature. In conformity with this intention, the grant to the Justices of the Butler County Court, vested the title in them and their successors in express terms, and the persons who filled the office at the time the suit was brought, held the title to the land in contest. The express provisions of the grant should be made effectual unless it be prevented by some legal prohibition, which is not the case.
J. II. McHenry for appellants.
As the jury were bound to find a verdict for the defendant under these instructions, and as the question upon the adverse possession might or not have been determined in his favor, the testimony on that point not being certain and conclusive, the plaintiff has a right to complain of the instructions as having operated to his prejudice.
Wherefore the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.